

FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0443

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0443

_____

LEWIS AND CLARK COUNTY,

Petitioner,

v.

FIRST JUDICIAL DISTRICT COURT,
HONORABLE CHRISTOPHER D. ABBOTT, Presiding,

Respondent.

_____

FILED

SEP 21 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Lewis and Clark County, seeks a writ of supervisory control to reverse the February 9, 2021 Order on Defendant's Second Rule 12(b)(6) Motion to Dismiss issued by the First Judicial District Court, Lewis and Clark County.

This Court previously exercised supervisory control in this case to review the District Court's order granting summary judgment to the County as to 92 of the 96 plaintiffs and dismissing them from the case. *See Rogers v. Lewis & Clark County*, 2020 MT 230, 401 Mont. 228, 472 P.3d 171. We determined supervisory control was proper because the case involved purely legal questions, constitutional issues of statewide importance were involved, and urgent or emergency factors made the normal appeal process inadequate. We explained the unique posture of the case made appeal an inadequate remedy because the District Court's order had dismissed a vast majority of the plaintiffs from the case, who would be unable to pursue a direct appeal of their dismissal while the litigation with the four remaining plaintiffs continued potentially for years. On review, this Court reversed the District Court and held § 46-5-105, MCA, prohibits detention officers from conducting a strip search of a person detained for a traffic or other minor offense without a "reasonable suspicion to believe the person is concealing a weapon, contraband, or evidence of the commission of a crime." *Rogers*, ¶ 33 (quoting § 46-5-105, MCA). On remand, the County

renewed its M. R. Civ. P. 12(b)(6) motion to dismiss the case on the grounds § 46-5-105, MCA, violates the constitutional rights of other detainees under the Eighth and Fourteenth Amendments to the United States Constitution. The District Court denied the motion to dismiss under Rule 12(b)(6), reasoning the County lacked standing to raise the constitutional rights of third parties, the constitutional arguments failed on the merits, and the County failed to demonstrate beyond a reasonable doubt that the plaintiffs could prove no set of facts entitling them to relief. The County now seeks a writ of supervisory control over the District Court's order denying its motion to dismiss under Rule 12(b)(6).

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (Aug. 24, 2016).

Here, Petitioner asserts the matter involves a purely legal question, the District Court is proceeding under a mistake of law, and constitutional issues of statewide importance are involved. However, Rule 14(3) also requires that urgency or emergency factors exist that make the normal appeal process inadequate. Petitioners do not assert urgency or emergency, nor do they allege that appeal is an inadequate remedy. Rather, they assert the desire for "answers to [legal] questions [which] would significantly affect the preparation and presentation of the case" supports issuance of the writ. Petitioners further assert they continue to strip search all detainees and "failure to review the issue now

2

could result in the rights of many additional Montanans being violated and the potential liability of the detention facilities conducting such searches continuing to grow." Petitioners continued course of action does not establish an emergency factor or make the normal appeal process inadequate.

As set forth above, supervisory control is an extraordinary remedy, and its issuance requires urgency or emergency factors that make the normal appeal process inadequate; an assertion that "preparation and presentation" of the case is affected does not meet this requirement. This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (Aug. 6, 2019). In this instance, Petitioners have not demonstrated that their remedy on appeal would be inadequate.

Finally, Petitioner has not demonstrated the District Court is proceeding under a mistake of law in concluding Petitioner failed to prove beyond a reasonable doubt that the plaintiffs in the underlying action can prove no set of facts entitling them to relief and denying Petitioner's Rule 12(b)(6) motion to dismiss.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. DDV-2018-1332, and the Honorable Christopher Abbott, presiding Judge.

DATED this 21ˢᵗ day of September, 2021.

3

Justices